IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTERWALL, INC., *et al.*,<br><br>Defendants. | Civil Action No. 16-cv-00611<br><br>FILED<br>DEC 22 2017<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |
| BRETT BOYER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OUTERWALL, INC., *et al.*,<br><br>Defendants. | Civil Action No. 17-cv-00853 |

**FINAL ORDER AND JUDGMENT**

This matter came on for hearing on December 20, 2017. Upon consideration of the Parties' request for final approval of the Settlement Agreement ("Agreement") between Plaintiffs, April Nguyen and Brett Boyer ("Plaintiffs"), individually, and as representatives of the class(es) of persons defined below, and Defendant, Outerwall, Inc. (now known as Coinstar, LLC "Coinstar"), the Court orders and finds as follows[1]:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, members of the Settlement Class and California Sub-Class, and Coinstar.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(2):

---

[1] All capitalized terms set forth herein, unless otherwise noted, shall have the same meaning as set forth in the Agreement.

>All Legally Blind individuals who attempted but were unable to access or who were deterred from accessing those products or services available at Coinstar Kiosks in all 50 states and the District of Columbia during the time period starting on February 8, 2014 for all states and the District of Columbia excluding California and February 8, 2013 in California and continuing through July 14, 2017.

3. Based on the Parties' stipulations and for the purpose of settlement: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class Members; (C) the Plaintiffs' claims are typical of the Settlement Class Members' claims; (D) Plaintiffs are an appropriate and adequate representative for the Class and their attorneys, Gerald D. Wells, III of the law firm Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 275, King of Prussia, PA 19406 and Arkady "Eric" Rayz, of the law firm Kalikhman & Rayz, LLC, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006, are hereby appointed as Settlement Class Counsel; (E) class treatment of Plaintiffs' claims will prevent inconsistent or varying adjudications with respect to individual class members and/or adjudication of an individual class member's claim is, effectively, dispositive of the interests of other members of the class; and (F) relief is appropriate with respect to the class as a whole for the purpose of settlement.

4. The California Sub-Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

>All Legally Blind individuals who attempted, but were unable to access or who were deterred from accessing those products or services available at Coinstar Kiosks in California during the time period February 8, 2013 and continuing through July 14, 2017.

5. Based on the Parties' stipulations and for the purpose of settlement: (A) the California Sub-Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual California Sub-Class members; (C) the Plaintiffs' claims are typical of the California Sub-Class

members' claims; (D) Plaintiff Boyer is an appropriate and adequate representative for the Class and his attorneys, Gerald D. Wells, III of the law firm Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 275, King of Prussia, PA 19406 and Arkady "Eric" Rayz of the law firm Kalikhman & Rayz, LLC, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006, are hereby appointed as Settlement Class Counsel; (E) questions of law or fact common to members of the California Sub-Class predominate over any questions affecting only individual members; and (F) class treatment of these claims is superior to other available methods for the fair and efficient adjudication of this controversy and will be efficient and manageable, thereby achieving judicial economy.

6. There are no individuals who timely requested exclusion from the California Sub-Class. There are no individuals who untimely submitted requests for exclusion.

7. The Court approved the plan for the dissemination of Notice, including the forms of notice, to the Settlement Class that was set forth in the Agreement. The Court is informed that notice was disseminated pursuant to the Court's order granting preliminary approval of the settlement and the Agreement.

8. No objections were filed or received.

9. On December 20, 2017, the Court held a Fairness Hearing to which Settlement Class Members and California Sub-Class members, including any with objections, were invited. All California Sub-Class members who submitted a Valid Claim Form shall receive their *pro rata* portion of the California Settlement Fund pursuant to the terms of the Agreement.

10. The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

11. The Court finds that the settlement is fair, reasonable, and adequate and hereby

finally approves the Agreement submitted by the Parties, including the Release and payments by Coinstar. Upon the Effective Date, as that term is defined in the Agreement, Coinstar, or its insurer, shall make the following payments:

- a) Five hundred thousand dollars ($500,000.00) ("California Settlement Fund") to be deposited with the Claims Administrator to be distributed in accordance with the terms of the Agreement.

- b) Two thousand five hundred dollars ($2,500.00) to each Plaintiff as a Case Contribution Award in recognition of his/her efforts in prosecuting these claims on behalf of the class(es).

- c) Two hundred ten thousand dollars ($210.000.00) to be paid to Class Counsel for attorneys' fees and costs. Class Counsel will not request additional fees or costs from Coinstar.

- d) Coinstar will pay up to $25,000 to the Claim Administrator arising from or related to the services performed in furtherance of this Settlement pursuant to Section 16 of the Agreement. Any costs in excess of $25,000.00 will be paid for from the California Settlement Fund.

12. This Court approves the individual and class releases set forth in the Agreement, and the released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. The Lawsuit and all claims asserted in the Lawsuit are dismissed with prejudice as to the Named Plaintiffs and the Settlement Class Members subject to those who validly and timely opted out of the monetary relief portion of the Agreement (discussed in this Order in paragraph 6).

13. The Court finds the Agreement is fair and made in good faith.

14. The Court hereby appoints the Hadley Institute for the Blind as the Cy Pres Recipient(s) should there be any portion of the California Settlement Fund remaining four hundred (400) days after the Claims Administrator[2] has mailed the settlement checks to California Sub-Class members who submitted Valid Claim Forms.

---

[2] The Court appointed Settlement Services, Inc. as the Claims Administrator in the Court's order granting preliminary approval of the Settlement.

4

15. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal *with prejudice* of the claims in this action.

16. Neither the Agreement nor this Order constitutes an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in this Lawsuit or any violation of law. Nothing in this Order shall be interpreted to prohibit the use of it: (1) in a proceeding to consummate or enforce the Agreement or Judgment; (2) to defend against the assertion of the released claims in any other proceeding, or; (3) as otherwise required by law.

17. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

18. The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

19. Without affecting the finality of this Order, Magistrate Judge Elizabeth Hey is hereby appointed to oversee administration of the Settlement, including Sections 6, 7.2, and 13 of the Agreement.

20. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____ 12/21/17
LAWRENCE F. STENGEL, C.J.